UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTONIO DWAYNE HALBERT,

                Petitioner,                Case No. 1:07-CV-449

v.                                            Honorable Gordon J. Quist

CARMEN D. PALMER,

                Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, I recommend that the petition be dismissed for failure to state a claim.

**Discussion**

    I.        Factual allegations

Petitioner is currently incarcerated in Riverside Correctional Facility. Petitioner was sentenced by the Saginaw County Circuit Court on November 1, 2001, after he pled *nolo contendere* to two counts of second degree criminal sexual conduct, MICH. COMP. LAWS §§ 750.520c(1)(b) and 750.520(c)(1)(a). The two underlying incidents occurred approximately eight months apart and the second incident occurred while Petitioner was released on bond from the first criminal charge. Petitioner is serving consecutive sentences of two to fifteen years and of fifty-seven months to fifteen years, respectively.

Petitioner filed a motion with the circuit court to withdraw his nolo contendere plea alleging that there was a sentencing error and requesting appointment of appellate counsel. His motion was denied. Petitioner filed an application for leave to appeal with the Michigan Court of Appeals asserting that there was a sentencing error and he had ineffective assistance of counsel. Petitioner's application was denied on January 13, 2003. He then sought review from the Michigan Supreme Court, which was also denied on September 19, 2003. Petitioner sought leave to appeal from the United States Supreme Court, which was granted. The U.S. Supreme Court issued an opinion which held that Michigan is required to provide appellate counsel for indigent Defendants who pled guilty to criminal charges. *See Halbert v. Michigan*, 545 U.S. 605, 623-24 (2005). Consequently, Petitioner's case was remanded for appointment of appellate counsel.

Petitioner was appointed appellate counsel by the Saginaw County Circuit Court. He sought leave to appeal in the Michigan Court of Appeals alleging that the trial court abused its discretion in ordering consecutive sentences. Petitioner's application was denied on October 31,

2006, for lack of merit in the grounds presented. Petitioner then sought leave to appeal in the Michigan Supreme Court, which was denied on February 27, 2007. Petitioner now seeks habeas relief from this court presenting the sole ground that the trial court erred in ordering Petitioner to serve consecutive sentences.

  II.  Failure to State a Claim

In conducting habeas review, a federal court may grant a writ of habeas corpus only if the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Edwards v. Carpenter*, 529 U.S. 446, 454 (2000) (Breyer, J. & Stevens, J., concurring); *Robinson v. Stegall*, 355 F.3d 916, 917 (6th Cir. 2004). The Supreme Court has made it clear that "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("reemphasiz[ing] that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions") (citing *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) and *Pulley v. Harris*, 465 U.S. 37, 41 (1984)).

Petitioner seeks habeas relief for the circuit court's imposition of consecutive sentences. Petitioner does not argue that he is innocent of the crimes for which he is incarcerated or allege a violation of his constitutional rights. He alleges a violation of state law, which is not cognizable in a federal habeas corpus proceeding. *See Floyd v. Alexander*, 148 F.3d 615, 618-619 (6th Cir. 1998) (changes in sentences from concurrent to consecutive in defendant's absence does not constitute a "fundamental miscarriage of justice" or constitute a violation of procedural due process of law). Moreover, under MICH. COMP. LAW § 768.7b(2)(a), the trial court has discretion to give consecutive sentences if the second offense occurred while Petitioner was free on bond from the first offense, as is the case here.

Because it is a matter of substantive state law whether Petitioner's sentences should run concurrently or consecutively, Petitioner's claim is not cognizable in a federal habeas corpus proceeding. *See Harrison v. Parke,* No. 89-6495, 1990 WL 170428, at *2 (6th Cir. Nov. 6, 1990) (citing *Wainwright v. Sykes*, 433 U.S. 72, 81 (1977)); *Jones v. Smith*, No. 94-5259, 1995 WL 45631, at *1 (6th Cir. Feb. 3, 1995) (Petitioner's "contention that his consecutive life sentences are unauthorized under state law does not warrant habeas relief.") (citing *Hutto v. Davis*, 454 U.S. 370, 373-74 (1982)). Additionally, Petitioner's sentences do not constitute cruel and unusual punishment because they fall within the statutory limits. *Jones*, 1995 WL 45631 at *1; *United States v. Tucker*, 404 U.S. 443, 447 (1972).

## Recommended Disposition

I respectfully recommend that the habeas corpus petition be summarily dismissed pursuant to Rule 4 because it fails to state a claim. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Entered:  June 29, 2007                    /s/ Hugh W. Brenneman, Jr.
                                           HUGH W. BRENNEMAN, JR.
                                           United States Magistrate Judge


## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).